

**FILED**

OCT 1 4 2016

CLERK

## IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF SOUTH DAKOTA
### WESTERN DIVISION

|  |  |  |
|---|---|---|

OGLALA LAKOTA COLLEGE,
    Plaintiff,

v.

HUDSON INSURANCE COMPANY,
TRIBAL FIRST RISK MANAGEMENT

    Defendants

\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*

**Case No.** 16-5093

**PLAINTIFF'S ORIGINAL COMPLAINT**

COMES NOW Plaintiff, OGLALA LAKOTA COLLEGE ("OGLALA LAKOTA COLLEGE") complaining of Defendants, HUDSON INSURANCE COMPANY ("HUDSON INSURANCE COMPANY") and TRIBAL FIRST RISK MANAGEMENT ("TRIBAL FIRST"), and for cause of action would show the Court as follows:

## I.
## NATURE OF CLAIMS

1.01    This lawsuit concerns Hudson Insurance Company and Tribal First's wrongful denial of a covered insurance claim that Oglala Lakota College made pursuant to a Hudson insurance policy ("the Hudson Policy"). The Department of Health and Human Services ("HHS") pursued a claim for damages against Oglala Lakota College for mistakenly providing federal scholarship funds to part time and graduated students. After Oglala Lakota College distributed these funds, HHS demanded a return of the funds because only full time students were allowed scholarship funds pursuant to HHS regulations.   Oglala Lakota College was therefore forced to pay HHS these funds, but no longer had any access to the original funds received, resulting in a loss. This loss was a covered claim under the Hudson Policy, which purported to protect against errors and omissions. Hudson and Tribal First's conduct in selling, marketing, and administering

1

the Hudson Policy and wrongful investigation and denial of the claim constitutes bad faith, breach of contract and negligence and/or negligent misrepresentation. Oglala further seeks declaratory relief for the claim to be declared a covered claim under the Hudson Policy.

## II.
## PARTIES

2.01    Plaintiff Oglala Lakota College ("OGLALA LAKOTA COLLEGE") is an educational institution doing business in Kyle, South Dakota.

2.02    Defendant HUDSON INSURANCE COMPANY is a for-profit insurance company with its principal office located at 100 William St, New York, New York 10038. Defendant HUDSON INSURANCE COMPANY may be served by serving its Registered Agent as follows:

HUDSON INSURANCE COMPANY
c/o Christopher Gallagher, President and Chief Executive Officer
100 William Street
New York, New York 10038

2.03    Defendant TRIBAL FIRST RISK MANAGEMENT is a for-profit third party claims administrator with its principal office located at P.O. Box 609015, San Diego, CA 92160. Defendant TRIBAL FIRST RISK MANAGEMENT may be served by serving its Registered Agent as follows:

TRIBAL FIRST RISK MANAGEMENT
c/o Robert Shearer, Executive Vice President
P.O. Box 609015
San Diego, CA 92160

## III.
## VENUE AND JURISDICTION

3.01    Venue of this action is proper in the Western Division (Oglala Lakota County) of the United States District Court for the District of South Dakota because the acts complained of herein occurred, in part, in the Western Division of South Dakota, and all or a substantial part of the events or omissions that give rise to this claim occurred in the Western Division.

2

3.02   This Court has personal jurisdictional over Hudson Insurance Group and Tribal First because they do business in the Western District of South Dakota and this suit arises out of that business.

3.03   This Court has subject matter jurisdiction over this lawsuit in accordance with the laws of the United States.

## IV.
## CONDITIONS PRECEDENT

4.01   All conditions precedent to recovery by Oglala Lakota College have been performed, have occurred, or have been excused.

## V.
## FACTS OF CASE

5.01   Oglala Lakota College is an educational institution that is chartered by the Oglala Sioux Tribe. Oglala Lakota College is located in what is surveyed as one of the top five poorest counties in the United States. Oglala Lakota County has a typical unemployment rate of 85%. However, Oglala Lakota College is a shining light in Oglala Lakota County. Oglala Lakota College's mission is to enhance Lakota life and employs the area's finest educators and administrative staff to do so. Oglala Lakota College enhances Lakota life by educating students for professional and vocational employment opportunities. In pursuit of that mission, Oglala Lakota College provides scholarships to financially disadvantaged students who are unable to afford a college education. Oglala Lakota College receives federal funds and grants in order to provide these scholarships. Oglala Lakota College hires and trains professional employees who have specialized knowledge, skill, and intellect to process and ensure that such funds are administered and distributed in accordance with the statutory and policy guidelines. However, Oglala Lakota College also pays for purchases insurance policies to safeguard Oglala Lakota College.

3

5.02    One such policy was sold to Oglala Lakota College by Hudson Insurance Company. This policy was designed to protect Oglala Lakota College errors and omissions relating to its business, which includes both teaching and related acts such as administrating aid to students. Specifically, Policy No. NACL00549-06, the ("Hudson Policy"), was designed to protect Oglala Lakota College from a wide range of liability including: general liability; errors in the performance of professional services; tribal officials errors and omissions liability; employee benefits liability, and; employment practices liability. The insurance policy is attached as Exhibit A. The Hudson Policy was effective for the January 1, 2015 to January 1, 2016 policy period. *Id.* The third party claims administrator for Hudson Insurance Company is Tribal First Risk Management.

5.03    Oglala Lakota College received a federal grant via the Scholarships for Disadvantaged Students ("SDS") funded by a division of HHS called the Health Resources and Services Administration ("HRSA").   As part of its regular business practices, Oglala Lakota College distributed these funds to its students in furtherance of and as part of providing educational services for the educational institution.

5.04    Through an internal audit, Oglala Lakota College discovered that its employees misinterpreted the application of the statutory and policy guidelines established by HRSA, which resulted in certain students receiving SDS funds that did not meet the statutory and policy guidelines set by HRSA. Specifically, Oglala Lakota College errantly distributed funds to full time students in violation of these guidelines, which only permitted full-time students to be eligible for such scholarships.

5.05    On January 21, 2015 Oglala Lakota College's President reported to HRSA the issues related to the administration and processing of SDS funds to Oglala Lakota College students and requested HRSA to conduct an investigation.  Oglala Lakota College fully cooperated with

4

HRSA in its investigation. In a July 23, 2015 letter, the HRSA determined that in the processing, administration and distribution of SDS funds, certain part time and graduated students received SDS funds that did not comply with the policy and statutory authority of HRSA and SDS. As a result, HRSA demanded $481,538.12 from Oglala Lakota College to be paid within 30 days or Oglala Lakota College would be penalized with interest at a rate of 9.75%. Oglala Lakota College had no option other than to pay HRSA these damages due to the error and omissions of its professional employees.

5.06    Pursuant to the Hudson Policy, on August 7, 2015 Oglala Lakota College reported to Tribal First that it was making a claim on the Hudson Policy. On October 16, 2015, Tribal First sent its first written denial letter denying the claim. A copy of this letter is attached as Exhibit B. The denial of the claim was based on spurious grounds.

5.07    On March 3, 2016 Oglala Lakota Colleges counsel responded to Tribal First's denial letter. A copy of this response is attached as Exhibit C. In this response, Oglala Lakota College dismantled all of Tribal First's spurious grounds for denial and provided evidence and explanation for every reason related to the Tribal First and Hudson Insurance Company's denial of the claim.

5.08    In this response, Oglala explained in detail that the disallowed expenditures were made during valid policy periods. It also explained that the error and omissions committed by Oglala Lakota College's employees were committed by professional personal conducting Oglala Lakota College's professional business. It also explained how the funds at issue resulted in a true loss, as opposed to a debt that was improperly retained.

5.09    Despite Oglala Lakota College addressing the errant issues in the original denial letter, Tribal First and Hudson Insurance Company refused to change its position. On April 1,

2016, Tribal First sent its second denial letter.  A copy of this letter is attached as Exhibit D.  The denial provided no new reasons or justification for the denial of the claim.  Among the primary reasons for denial of claim is that Oglala Lakota College was allegedly not performing "professional services."   It is clear that Tribal First and Hudson Insurance Company completely disregarded what Oglala Lakota College does on a day to day basis in conjunction with teaching students in the Oglala Lakota community.

## VI.
### FIRST CAUSE OF ACTION
### DECLARATORY JUDGMENT

6.01    Oglala Lakota College requests a declaratory judgment pursuant to 28 U.S.C. §2201, declaring that the Oglala Lakota College's claim is covered under the Hudson Policy.

6.02    Oglala Lakota College further requests a declaratory judgment that since the Oglala Lakota College claim is a covered claim, Defendants have a duty to indemnify Oglala Lakota College pursuant to the Hudson Policy.

## VII.
### SECOND CAUSE OF ACTION
### BREACH OF CONTRACT

7.01    Oglala Lakota College repeats and re-alleges the material allegations in the preceding paragraphs.

7.02    Oglala Lakota College and Defendant Hudson Insurance Company freely entered the Policy giving rise to Oglala Lakota College's claims, and the insurance contract between Oglala Lakota College and Hudson Insurance Company is supported by adequate and valid consideration. As such, it constitutes an enforceable contract between the parties.

7.03    Under the express terms of the Hudson Policy, Oglala Lakota College contractually agreed to pay for the coverage promised by the Hudson Policy. Upon Oglala Lakota College's timely submission of the Hudson claim described in this complaint, Hudson Insurance Company,

through Tribal First, refused and continues to refuse to pay the $481,538.12 claim for the payment Oglala Lakota College had to make to HHS. Thus, the actions and omissions committed by Defendant Hudson Insurance Company constitute a breach of the insurance contract with Oglala Lakota College.

7.04    Defendant Hudson Insurance Company's breaches have caused Oglala Lakota College to incur actual and consequential damages as outlined herein.

## VIII.
## THIRD CAUSE OF ACTION
## BREACH OF DUTY OF CARE, GOOD FAITH AND FAIR DEALING

8.01    Oglala Lakota College repeats and re-alleges the material allegations in the preceding paragraphs.

8.02    Because the Hudson Policy was an insurance contract, the transaction and related claim created and imposed a duty of care, good faith and fair dealing upon Hudson Insurance Company and Tribal First. Accordingly, these defendants were legally required to deal fairly when marketing, selling and administering the Hudson Policy and when processing, reviewing, and issuing determinations with respect to Oglala Lakota College's claim on the Hudson Policy. Hudson Insurance Company and Tribal First breached this duty by intentionally refusing to properly investigate and review Oglala Lakota College's claim on the Hudson Policy, and by wrongfully and unfairly denying coverage for this claim.

8.03    Following Oglala Lakota College's timely submission of a legitimate claim under the Hudson Policy with Hudson Insurance Company, Defendant Hudson Insurance Company's liability to pay Oglala Lakota College's claim in accordance with the terms of the policy was reasonably clear. However, Defendants Hudson Insurance Company and Tribal First refused to pay and properly administer this covered claim despite having no reasonable or legitimate basis in

fact upon which to deny payment of such claims under the same or similar circumstances. Hudson Insurance Company and Tribal First knew or should have known there was no reasonable basis for denying Oglala Lakota College's claim.

      8.04    As a proximate result of Oglala Lakota College and Tribal First's breach of these legal duties, Oglala Lakota Colleges suffered, and hereby sues for damages as set forth below.

### IX.
### FOURTH CAUSE OF ACTION
### NEGLIGENCE AND NEGLIGENT MISREPRESENTATION

      9.01    Oglala Lakota College repeats and re-alleges the material allegations in the preceding paragraphs.

      9.02    Hudson Insurance Company and Tribal First failed to satisfy the applicable standard of ordinary care expected of an insurance company and third party administrator.  In failing to act with ordinary care and due care, Hudson Insurance Company and Tribal First were negligent in one or more of the following ways:

- Hudson Insurance Company and Tribal First were negligent in failing to appropriately evaluate the Oglala Lakota College claim;

- Hudson Insurance Company and Tribal First were negligent in failing to appropriately investigate the Oglala Lakota College claim;

- Hudson Insurance Company and Tribal First were negligent in failing to pay the HRSA claim made against Oglala Lakota College.

- Hudson Insurance Company and Tribal First were negligent in failing to appropriately ensure the Hudson Policy would provide coverage for claims like HRSA's claim that was made upon Oglala Lakota College.

      9.03    Hudson Insurance Company and Tribal First's negligence was a proximate cause of the damage to Oglala Lakota College and caused its damages as set forth below.

      9.04    Pleading in the alternative, upon Oglala Lakota College's clear and explicit expression of their specific needs and requirements in seeking insurance plans that would cover

8

Oglala Lakota College's potential liabilities, Hudson Insurance Company negligently represented to Oglala Lakota College that the Hudson Policy would cover the type of claim that Oglala Lakota College now seeks.

9.05    Such misrepresentations were made negligently, without regard for the truth and Hudson Insurance Company failed to act as a reasonably prudent insurer would and should have acted under the same or similar circumstances.

9.06    Oglala Lakota College justifiably relied on these representations. Indeed, if Oglala Lakota College had been informed that Hudson Insurance Company and Tribal First would ultimately refuse coverage of or deny claims such is this, Oglala Lakota College certainly would never have purchase the policy at issue or policies from Hudson Insurance Company.

9.07    As a result of Hudson Insurance Company and Tribal First's negligent misrepresentations, Oglala Lakota College have been and continue to be deprived of the coverage that Defendant contracted to provide. Hudson Insurance Company and Tribal First's negligent misrepresentations were a proximate cause of the damage to Oglala Lakota College and caused its damages as set forth below.

## X.
## FIFTH CAUSE OF ACTION
### BAD FAITH

10.01   Oglala Lakota College repeats and re-alleges the material allegations in the preceding paragraphs.

10.02   Because the Hudson Policy was an insurance contract, the transaction and related claim created an independent common law duty for Hudson Insurance Company to process any claims under the policy in good faith.   South Dakota has recognized this duty and imposed liability upon insurers that act in bad faith in denying legitimate claims.  Hudson Insurance Company did

not have a reasonable basis for denying or withholding policy benefits and/or for failing to comply with the insurance contract. Hudson Insurance Company knew it did not have a reasonable basis for these acts and/or acted with reckless disregard in determining whether it had a reasonable basis for these acts. Oglala Lakota College has suffered damages as a result of these acts.

## XI.
## DAMAGES

10.01  Oglala Lakota College suffered damages as a result of the actions of Hudson Insurance Company and Tribal First as described above. Most significantly, Oglala Lakota College suffered damages as a result of Hudson Insurance Company and Tribal First acts of failing to properly administer and pay the claim on the Hudson Policy in a timely manner. These damages are in excess of five hundred thousand dollars. Oglala Lakota College has incurred damages in the form of professional fees, including attorneys' fees to correct the deficiencies, caused by Hudson Insurance Company and Tribal First's actions herein. These damages are still accruing.

## XII.
## RELIEF REQUESTED

12.012      WHEREFORE, Oglala Lakota College requests that:

A.      Hudson Insurance Group and Tribal First be cited to appear and answer;

B.      Oglala Lakota College recover its damages from Hudson Insurance Company and Tribal First;

C.      Oglala Lakota College recover punitive damages from Hudson Insurance Company and Tribal First;

D.      Oglala Lakota College recover its attorney's fees;

E.      Oglala Lakota College recover costs of suit; and

10

F.   Oglala Lakota College be awarded other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

TRACEY ZEPHIER
FREDERICKS, PEEBLES & MORGAN LLP
520 Kansas City St., Ste 101
Rapid City, South Dakota 57701
Tel: (605) 791-1515
Fax: (605) 791-1915
tzephier@ndnlaw.com

and

ANTHONY L. VITULLO (PRO HAC TO BE FILED)
JON AZANO (PRO HAC TO BE FILED)
FEE, SMITH, SHARP & VITULLO, LLP
Three Galleria Tower
13155 Noel Road, Suite 1000
Dallas, Texas 75240
Tel: (972) 934-9100
Fax: (972) 934-9200
lvitullo@feesmith.com
jazano@feesmith.com

11