UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| OGLALA LAKOTA COLLEGE,<br><br>             Plaintiff,<br><br>    vs.<br><br>HUDSON INSURANCE GROUP,<br>TRIBAL FIRST RISK MANAGEMENT,<br><br>             Defendants. | CIV. 16-5093-JLV<br><br><br>ORDER |

**INTRODUCTION**

Defendant Hudson Insurance Group filed a motion to dismiss the case and compel arbitration or, in the alternative, to stay this litigation pending arbitration.   (Docket 9).   Defendant Tribal First Risk Management joins in the motion.   (Docket 16).   Plaintiff Oglala Lakota College resists the motion. (Docket 15).   For the reasons stated below, defendant Hudson's motion is granted in part and denied in part.

**ANALYSIS**

The parties do not dispute the facts necessary to resolve the defendants' motion.   For purposes of analysis, the facts are as follows.   Oglala Lakota College ("OLC") is an educational institution chartered by the Oglala Sioux Tribe. (Docket 1 ¶ 5.01).   OLC purchased an insurance policy from Hudson Insurance Company ("Hudson"), identified as Policy No. NACL00549-06 (the "policy").   Id. ¶ 5.02.   On August 7, 2015, OLC made a claim against the policy.   Id. ¶ 5.06. The claim was denied.   Id.   This litigation followed.

Defendants seek dismissal of the case on the basis of mandatory arbitration or, in the alternative, for a stay of the case pending resolution of the outcome of arbitration.   (Docket 9).   Defendants' motion is premised on paragraph S, the arbitration clause of the policy.   (Docket 10 at p. 1) (referencing Docket 1-1 at p. 37 § S).   The provision provides in relevant part as follows:

> ARBITRATION: All disputes which may arise between "Hudson" and the "Assured" out of or in relation to this policy (including disputes as to its validity, construction or enforceability), or for its breach, shall be finally settled by arbitration based, insofar as possible, upon the rules and procedures of the American Arbitration Association, by which "Hudson" and the "Assured" agree to be bound.   In addition to the rules governing such arbitration, the parties shall have at their disposal the broadest pre-trial discovery rights as are then available under the laws and judicial rules of the jurisdiction in which the arbitration is to be held, provided that any dispute between the parties relating to discovery shall be submitted to the arbitration panel for resolution.

(Docket 1-1 at p. 37 § S).   Defendants contend that under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, the arbitration clause of the policy is enforceable.   (Docket 10 at p. 6).   Based on this argument, the defendants seek "an order directing the parties to proceed to arbitration in accordance with the terms of the [policy]."   Id. (citing 9 U.S.C. § 4) (emphasis omitted).   Defendants also ask the court to stay this litigation until the arbitration process is completed.   Id. at p. 7 ((citing 9 U.S.C. § 3).

OLC resists defendants' motion.   (Docket 15).   Plaintiff's grounds for opposing the motion are two-fold: first, under South Dakota law an arbitration

provision in an insurance contract is void and unenforceable; and second, the arbitration clause does not compel binding arbitration.   Id. at pp. 1-2.

OLC argues South Dakota "law governs whether an arbitration agreement is valid."   Id. at p. 3 (referencing Quam Construction Co. v. City of Redfield, 770 F.3d 706, 708 (8th Cir. 2014).   Under South Dakota law, OLC argues "the use of arbitration provisions in insurance contracts via the South Dakota Uniform Arbitration Act" is prohibited.   Id. (referencing SDCL § 21-25A-3). OLC submits that because of the McCarren-Ferguson Act, 15 U.S.C. § 1012(b), and SDCL § 21-25A-3, this arbitration clause is void.   Id. at p. 4.   For this reason, OLC contends defendants' motion should be denied.   Id.

In the alternative, OLC argues the policy is ambiguous and "contains other provisions suggesting that alternatives to arbitration are permissible."   Id. at p. 5.   According to OLC, those alternatives to mandatory arbitration are found in Section L, Appeals, and Section M, Litigation Proceedings, of the policy.   Id. at pp. 2-3 (capitalization omitted).   OLC argues the policy is ambiguous or not "sufficiently clear on arbitration . . . to show the parties had a meeting of the minds with respect to the agreement to arbitrate, [so] the provision may be invalidated."   Id. at p. 5 (referencing American Heritage Life Ins. v. Lang, 321 F.3d 533, 537-38 (5th Cir. 2003)).

In rebuttal to OLC's response, defendants contend the policy provides it will "be governed by and construed in accordance with the internal laws of the 'Assured,' " that is, the tribe.   (Docket 17 at p. 3) (citing Docket 1-1 at p. 37 § T)

3

(emphasis omitted).   Defendants argue "[i]t is seemingly beyond question that 'the internal laws of the Assured' is reference to the internal laws of the Oglala Sioux Tribe.   To hold otherwise would be to hold that the Oglala Sioux Tribe and Oglala Lakota College reside in and are subject to the laws of the State of South Dakota."   Id. at p. 3.   Defendants submit "[t]here is no law promulgated by the Oglala Sioux Tribe which prevents, invalidates, or voids an arbitration clause in an insurance contract or otherwise conflicts with the provisions of the Federal Arbitration Act."   Id. at p. 6.

The defendants further contend OLC's claim the policy is ambiguous is without merit.   Id. at p. 7.   First, defendants argue Section L of the policy does not apply by its clear language.   Id. (referencing Docket 1-1 at p. 36 ¶ L). Defendants submit the use of a "disinterested attorney" in determining whether to appeal from an adverse judgment applies only in the event a third-party "obtained a judgment against Oglala Lakota College under the liability coverage provided by the policy."   Id. at p. 8.   Next, defendants argue Section M is not applicable because the provision relates to a lawsuit brought "by a third-party after a successful claim has been pursued against Oglala Lakota College."   Id. Finally, defendants contend Section S, the arbitration provision, is clear and applies to "all disputes which may arise between 'Hudson' and [Oglala Lakota College] out of or in relation to this policy . . . ."   Id.   For these reasons, defendants conclude the FAA applies and the policy "clearly and unequivocally calls for arbitration of this dispute."   Id. at p. 11.

"Indian tribes are distinct, independent political communities, retaining their original natural rights' in matters of local self-government, . . . although Congress has plenary authority to limit, modify, or eliminate the powers of local self-government which tribes otherwise possess."   Weeks Construction, Inc. v. Oglala Sioux Housing Authority, 797 F.2d 668, 673 (8th Cir. 1986) (internal quotation marks omitted) (referencing Santa Clara Pueblo v. Martinez, 436 U.S. 49, 55 (1978)).   Tribes "have power to make their own substantive law in internal matters . . . and to enforce that law in their own forums . . . ."   Santa Clara Pueblo, 436 U.S. at 55-56 (internal citations omitted).

"[T]ribal sovereignty is dependent on, and subordinate to, only the Federal Government, not the States . . . ."   Baker Elec. Co-op., Inc. v. Chaske, 28 F.3d 1466, 1478 (8th Cir. 1994) (referencing California v. Cabazon Band of Mission Indians, 480 U.S. 202, 207 (1987) (quoting Washington v. Confederated Tribes of Colville Indian Reservation, 447 U.S. 134, 154 (1980)).   "[S]tate laws may be applied to tribal Indians on their reservations if Congress has expressly so provided."   Id.

There is no federal statute making the law of the state of South Dakota applicable to the Pine Ridge Indian Reservation.   "[T]he controlling law remained federal law."   Oneida Indian Nation v. County of Oneida, 414 U.S. 661, 674 (1974).   "[A]bsent federal statutory guidance, the governing rule of decision would be fashioned by the federal court in the mode of the common law."   Id.

OLC's argument that South Dakota law governs the enforcement of the arbitration clause in the policy is without merit.

"[T]he Federal Arbitration Act . . . establishes a national policy favoring arbitration when the parties contract for that mode of dispute resolution.   The Act, which rests on Congress' authority under the Commerce Clause, supplies not simply a procedural framework applicable in federal courts; it also calls for the application, in . . . federal courts, of federal substantive law regarding arbitration."   Preston v. Ferrer, 552 U.S. 346, 349 (2008) (referencing Southland Corp. v. Keating, 465 U.S. 1 (1984)).

The policy in this case is not ambiguous.   Section L, which addresses only whether to appeal an adverse judgment against the insured, articulates a specific exception to arbitration, an exception not relevant to the issue before the court.   Additionally, Section M, which addresses the ability of a third-party but not the insured to bring suit, identifies a specific course of action the third-party must follow.   Neither of these sections makes Section S, the arbitration clause, ambiguous.   Section S clearly and unequivocally calls for binding arbitration. The court concludes the parties are obligated under the FAA to proceed in accordance with Section S of the policy.   9 U.S.C. § 4.   The court will not dismiss the case but will stay this litigation until the arbitration process is completed pursuant to 9 U.S.C. § 3.

## ORDER

Based on the above analysis, it is

ORDERED that defendants' motion (Docket 9) is granted in part and denied in part.

IT IS FURTHER ORDERED that pursuant to 9 U.S.C. § 4 the parties shall promptly proceed to arbitration in compliance with Section S of the policy (Docket 1-1 at p. 37 § S).

IT IS FURTHER ORDERED that pursuant to 9 U.S.C. § 3 this litigation is stayed pending resolution of arbitration.

Dated September 20, 2017.

BY THE COURT:

/s/ *Jeffrey L. Viken*

JEFFREY L. VIKEN
CHIEF JUDGE

7